1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  CARPENTERS LOCAL UNION 701,      )    1:10-cv-0969 OWW DLB
                                    )
10                Plaintiff,        )    SCHEDULING CONFERENCE ORDER
                                    )
11      v.                          )    Discovery Cut-Off: 5/27/11
                                    )
12  THE CITY OF FRESNO, a California )    Non-Dispositive Motion
    Municipal Corporation and       )    Filing Deadline: 6/10/11
13  Charter City,                   )
                                    )    Non-Dispositive Motion
14                Defendant.        )    Hearing Date:  7/15/11 9:00
                                    )    Ctrm. 9
15  _____ )
                                         Dispositive Motion Filing
16                                       Deadline: 6/27/11

17                                       Dispositive Motion Hearing
                                         Date:  7/25/11 10:00 Ctrm.
18                                       3

19                                       Settlement Conference Date:
                                         3/15/11 10:00 Ctrm. 9
20
                                         Pre-Trial Conference Date:
21                                       9/12/11 11:00 Ctrm. 3

22                                       Trial Date: 10/25/11 9:00
                                         Ctrm. 3 (JT-3 days)
23

24

25  I.    Date of Scheduling Conference.

26        September 30, 2010.

27  II.   Appearances Of Counsel.

28        Weinberg, Roger & Rosenfeld by Matthew J. Gauger, Esq.,

                                  1

1    appeared on behalf of Plaintiff.

2        Betts & Rubin by Joseph Rubin, Esq., appeared on behalf of
3    Defendant.

4    III.   Summary of Pleadings.

5        1.    Plaintiff contends that the Defendant violated 42
6    U.S.C. § 1983 based upon the First and Fourteenth Amendments of
7    the U.S. Constitution and Article I, §1, subdivision (a) of the
8    California State Constitution by issuing a citation for
9    displaying a sign on a public sidewalk.

10       2.    Defendants contend that they have not violated 42
11   U.S.C. § 1983 and/or the California Constitution in the treatment
12   of Plaintiff, and that the underlying ordinance is
13   constitutional.

14   IV.   Orders Re Amendments To Pleadings.

15       1.    At this time, Plaintiff does not anticipate filing an
16   amended pleading.

17       2.    At this time, Defendant has not answered.  Moreover,
18   due to the fact that discovery has just recently commenced,
19   Defendant has not had sufficient opportunity to determine the
20   underlying facts and contentions.  As a result, it may be
21   necessary to amend its pleadings at a later date.

22   V.    Factual Summary.

23       A.   Admitted Facts Which Are Deemed Proven Without Further
24   Proceedings.

25           1.    On August 10, 2009, the City issued a citation
26   (No. 060837) to Plaintiff for violation of Fresno Municipal Code
27   Section 10-605, for placing a sign on a City sidewalk.

28           2.    On August 31, 2009, the City issued an

                                2

1   administrative citation (No. 060840) as to Mr. Castillo of
2   Plaintiff for violation of Fresno Municipal Code 10-605 for
3   having a sign on a City sidewalk.
4           3.   Plaintiff appealed Citation No. 060840.
5           4.   On or about November 20, 2009, an administrative
6   hearing was conducted as to Citation No. 060840.
7           5.   On or about February 1, 2010, the hearing officer
8   issued his decision.
9           6.   On April 6, 2010, the City issued an
10  administrative citation (No. 10-3530.3) to Plaintiff.
11      B.   Contested Facts.
12          1.   The Fresno Police Department refused to issue a
13  criminal citation for the same banner that was the subject of the
14  April 6, 2010 citation.
15          2.   The banner that was the subject of the April 6,
16  2010 citation informed the public of a labor dispute.
17          3.   The City's objection to the banner that was the
18  subject of the April 6, 2010 citation was that it was placed on
19  the sidewalk in the company of at least one Carpenter rather than
20  being held aloft by three.
21          4.   The banner that was the subject of the April 6th
22  citation did not obstruct or interfere with the use of the
23  sidewalk.
24          5.   The City of Fresno has not identified a compelling
25  government purpose to distinguish between placing the banner on
26  the sidewalk and holding the banner aloft.
27          6.   At this time, the parties dispute all other facts.
28  ///

                                    3

VI.   Legal Issues.

    A.   Uncontested.

       1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, et seq.  Jurisdiction is also invoked under 28 U.S.C. § 1367.

       2.   Venue is proper under 28 U.S.C. § 1391.

       3.   The parties agree that the supplemental claims are governed by the substantive law of the State of California.

    B.   Contested.

       1.   Whether provisions of the Fresno Municipal Code are unconstitutional on its face or as applied:

          a.   Is the sidewalk at the location of the April 6th citation a public forum?

          b.   What compelling state interest warranted the April 6th citation?

          c.   Is the Union's speech non-commercial and related to a public concern?

          d.   Is the sign ordinance content based on regulation of speech?

          e.   Is the sign ordinance subject to strict or intermediate scrutiny?

          f.   Does Fresno's call of violation enforcement system impermissibly loan police power to private parties or does it insulate Fresno from constitutional restrictions on government regulation of speech?

          g.   Does the ordinance violate the strict or intermediate scrutiny standard on its face because it is overbroad, regulates speech based on content, is not narrowly

1  tailored or fails to leave other avenue of communication because

2  it forces the Union to picket in locations where picketing may be

3  otherwise illegal?

4          2.    Whether provisions of the Fresno Municipal Code

5  are unconstitutional.

6          3.    Whether Defendant is liable for violation of 42

7  U.S.C. § 1983, or the California Constitution.

8          4.    Whether Plaintiff has properly exhausted its

9  administrative remedies.

10         5.    Whether Plaintiff suffered any damages.

11         6.    Whether Defendant caused any damages.

12         7.    Whether Plaintiff's claims are barred by the

13  affirmative defenses asserted by Defendant.

14         8.    Whether claim is barred by collateral estoppel.

15         9.    Whether claim is appropriate for declaratory

16  relief.

17         10.   Whether injunctive relief is proper.

18         11.   Whether damages can be sought under the California

19  Constitution.

20         12.   Whether Plaintiff has standing.

21  VII. Consent to Magistrate Judge Jurisdiction.

22      1.    The parties have not consented to transfer the

23  case to the Magistrate Judge for all purposes, including trial.

24  VIII.      Corporate Identification Statement.

25      1.    Any nongovernmental corporate party to any action in

26  this court shall file a statement identifying all its parent

27  corporations and listing any entity that owns 10% or more of the

28  party's equity securities.  A party shall file the statement with

5

its initial pleading filed in this court and shall supplement the
statement within a reasonable time of any change in the
information.

IX.   Discovery Plan and Cut-Off Date.

     1.   The parties agree to the following limitations on the
subject matter of discovery:  None.

     2.   The parties are ordered to complete all discovery on or
before May 27, 2011.

     3.   The parties are directed to disclose all expert
witnesses, in writing, on or before March 28, 2011.  Any rebuttal
or supplemental expert disclosures will be made on or before
April 28, 2011.  The parties will comply with the provisions of
Federal Rule of Civil Procedure 26(a)(2) regarding their expert
designations.  Local Rule 16-240(a) notwithstanding, the written
designation of experts shall be made pursuant to F. R. Civ. P.
Rule 26(a)(2), (A) and (B) and shall include all information
required thereunder.  Failure to designate experts in compliance
with this order may result in the Court excluding the testimony
or other evidence offered through such experts that are not
disclosed pursuant to this order.

     4.   The provisions of F. R. Civ. P. 26(b)(4) shall
apply to all discovery relating to experts and their opinions.
Experts may be fully prepared to be examined on all subjects and
opinions included in the designation.  Failure to comply will
result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

     1.   All Non-Dispositive Pre-Trial Motions, including any
discovery motions, will be filed on or before June 10, 2011, and

1 heard on July 15, 2011, at 9:00 a.m. before Magistrate Judge
2 Dennis L. Beck in Courtroom 9.

3      2.    In scheduling such motions, the Magistrate
4 Judge may grant applications for an order shortening time
5 pursuant to Local Rule 142(d).  However, if counsel does not
6 obtain an order shortening time, the notice of motion must comply
7 with Local Rule 251.

8      3.    All Dispositive Pre-Trial Motions are to be
9 filed no later than June 27, 2011, and will be heard on July 25,
10 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United
11 States District Judge, in Courtroom 3, 7th Floor.  In scheduling
12 such motions, counsel shall comply with Local Rule 230.
13 XI.  Pre-Trial Conference Date.

14      1.    September 12, 2011, at 11:00 a.m. in Courtroom 3, 7th
15 Floor, before the Honorable Oliver W. Wanger, United States
16 District Judge.

17      2.    The parties are ordered to file a Joint Pre-
18 Trial Statement pursuant to Local Rule 281(a)(2).

19      3.    Counsel's attention is directed to Rules 281
20 and 282 of the Local Rules of Practice for the Eastern District
21 of California, as to the obligations of counsel in preparing for
22 the pre-trial conference.  The Court will insist upon strict
23 compliance with those rules.
24 XII. Motions - Hard Copy.

25      1.    The parties shall submit one (1) courtesy paper copy to
26 the Court of any motions filed.  Exhibits shall be marked with
27 protruding numbered or lettered tabs so that the Court can easily
28 identify such exhibits.

XIII.  Trial Date.

    1.   October 25, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

       a.   Two to three days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for March 15, 2011, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

8

1      **4.    Confidential Settlement Conference Statement.**

2 At least five (5) days prior to the Settlement Conference the

3 parties shall submit, directly to the Magistrate Judge's

4 chambers, a confidential settlement conference statement.  The

5 statement should not be filed with the Clerk of the Court nor

6 served on any other party.  Each statement shall be clearly

7 marked "confidential" with the date and time of the Settlement

8 Conference indicated prominently thereon.  Counsel are urged to

9 request the return of their statements if settlement is not

10 achieved and if such a request is not made the Court will dispose

11 of the statement.

12      **5.    The Confidential Settlement Conference**

13 **Statement shall include the following:**

14           a.    A brief statement of the facts of the

15 case.

16           b.    A brief statement of the claims and

17 defenses, i.e., statutory or other grounds upon which the claims

18 are founded; a forthright evaluation of the parties' likelihood

19 of prevailing on the claims and defenses; and a description of

20 the major issues in dispute.

21           c.    A summary of the proceedings to date.

22           d.    An estimate of the cost and time to be

23 expended for further discovery, pre-trial and trial.

24           e.    The relief sought.

25           f.    The parties' position on settlement,

26 including present demands and offers and a history of past

27 settlement discussions, offers and demands.

28 ///

1 XV. Request For Bifurcation, Appointment Of Special Master,
2 Or Other Techniques To Shorten Trial.

3     1.   None.

4 XVI. Related Matters Pending.

5     1.   There are no related matters.

6 XVII.    Compliance With Federal Procedure.

7     1.   The Court requires compliance with the Federal
8 Rules of Civil Procedure and the Local Rules of Practice for the
9 Eastern District of California.  To aid the court in the
10 efficient administration of this case, all counsel are directed
11 to familiarize themselves with the Federal Rules of Civil
12 Procedure and the Local Rules of Practice of the Eastern District
13 of California, and keep abreast of any amendments thereto.

14 XVIII.    Effect Of This Order.

15     1.   The foregoing order represents the best
16 estimate of the court and counsel as to the agenda most suitable
17 to bring this case to resolution.  The trial date reserved is
18 specifically reserved for this case.  If the parties determine at
19 any time that the schedule outlined in this order cannot be met,
20 counsel are ordered to notify the court immediately of that fact
21 so that adjustments may be made, either by stipulation or by
22 subsequent scheduling conference.

23     2.   Stipulations extending the deadlines contained
24 herein will not be considered unless they are accompanied by
25 affidavits or declarations, and where appropriate attached
26 exhibits, which establish good cause for granting the relief
27 requested.

28 ///

10

1      3.     Failure to comply with this order may result in

2  the imposition of sanctions.

3

4  IT IS SO ORDERED.

5  Dated:    September 30, 2010              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28